ORIGINAL

1 | KILPATRICK TOWNSEND & STOCKTON LLP
ROGER L. COOK (State Bar No. 55208)
2 | ROBERT D. TADLOCK (State Bar No. 238479)
Two Embarcadero Center Eighth Floor
3 | San Francisco, CA 94111
Telephone: (415) 576-0200
4 | Facsimile: (415) 576-0300
Email: rcook@kilpatricktownsend.com
5 |      rtadlock@kilpatricktownsend.com

6 | KILPATRICK TOWNSEND & STOCKTON LLP
ERIC M. HUTCHINS (State Bar No. 245462)
7 | 1080 Marsh Road
Menlo Park, CA 94025
8 | Telephone: (650) 326-2400
Facsimile: (650) 326-2422
9 | Email: ehutchins@kilpatricktownsend.com

10 | Attorneys for Plaintiff
SIDENSE CORP.

11

FILED

AUG 1 9 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

12 |           UNITED STATES DISTRICT COURT

13 |       FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15 | SIDENSE CORP., a Canadian Corporation

16 |         Plaintiff,

17 |       v.

18 | KILOPASS TECHNOLOGY INC., a
California Corporation, and Charlie Cheng,
19 | an individual,

20 |         Defendants.

Case No.

CV11 4112

**COMPLAINT FOR DEFAMATION,
UNFAIR COMPETITION UNDER
LANHAM ACT § 43(A), INTENTIONAL
INTERFERENCE WITH
CONTRACTUAL RELATIONS,
INTENTIONAL INTERFERENCE WITH
PROSPECTIVE ECONOMIC
ADVANTAGE, AND UNFAIR
COMPETITION UNDER BUS. & PROF.
CODE § 17200**

**JURY TRIAL DEMANDED**

21

22

23

24

25

26

27

28



COMPLAINT
CASE NO. 00

Plaintiff Sidense Corp. ("SIDENSE") brings this civil action against Kilopass Technology, Inc. ("KILOPASS") and Mr. Charlie Cheng ("CHENG"), and for its complaint alleges as follows:

### PARTIES

1.      SIDENSE is a Canadian Corporation with its principal place of business at 84 Hines Road, Suite 260, Ottawa, Ontario, Canada, K2K 3G3.

2.      KILOPASS is a California Corporation with its principal place of business at 3333 Octavius Drive, Santa Clara, California 95054.

3.      CHENG is the Chief Executive Officer of KILOPASS and, on information and belief, is a citizen of the United States residing in the Northern District of California.

### JURISDICTION AND VENUE

4.      This Complaint involves a citizen of a foreign state and citizens of a State. SIDENSE is a Canadian Corporation. KILOPASS is a California corporation. On information and belief, CHENG is a citizen and resident of California. The amount in controversy exceeds $75,000.  Subject matter jurisdiction is, therefore, proper under 28 U.S.C. § 1332.

5.      KILOPASS admits that personal jurisdiction and venue are appropriate in this district through its Complaint filed in *Kilopass Technology, Inc. v. Sidense Corp.*, Case No. C 10-02066 SI. Venue is further appropriate in this district because KILOPASS and CHENG are subject to personal jurisdiction here, reside here, and have committed a substantial number of the alleged acts described below here.

### INTRADISTRICT ASSIGNMENT

6.      This action should be assigned to the San Francisco Division because SIDENSE and KILOPASS are parties to *Kilopass Technology, Inc. v. Sidense Corp.*, Case No. C 10-02066 SI currently pending in that Division, and CHENG is CEO of KILOPASS.

### GENERAL ALLEGATIONS

7.      SIDENSE, founded in 2004, has recently become increasingly recognized as the leading innovator in the emerging market for "one transistor" (1T bitcell), one-time programmable (OTP) embedded non-volatile memory (eNVM). SIDENSE's 1T-Fuse™ memory products



COMPLAINT
CASE NO. 00                                                                          - 1 -

1    provide the industry's smallest footprints, lowest power, fastest access times, highest densities, and

2    highest reliability. SIDENSE's customers employ SIDENSE's technology in a variety of integrated

3    circuits, which are then placed in a consumer electronics product such as a smartphone or set top

4    box. The United States Patent and Trademark Office ("USPTO") granted SIDENSE United States

5    Patent No. 7,402,855 (the "'855 patent") for the inventions embodied in the 1T-Fuse™ memory

6    products.

7         8.       With market demand moving from yesterday's larger and less efficient antifuse

8    memory to SIDENSE's 1T-Fuse™ memory designs, and becoming increasingly unable to fairly

9    compete with SIDENSE's technology on the merits, KILOPASS, a SIDENSE competitor, and

10   CHENG embarked on a plan and scheme to (1) harass SIDENSE, its customers and potential

11   customers, and (2) try to intimidate and frighten SIDENSE customers and potential customers

12   away from doing business with SIDENSE.

13        9.       In furtherance of this plan and scheme, in May 2010, KILOPASS filed a baseless

14   request for inter-partes reexamination with the USPTO seeking to invalidate all claims of

15   SIDENSE's '855 patent, alleging that these patent claims were unpatentable over KILOPASS' 1T

16   prior art patents.  In January 2011, the USPTO issued an "Action Closing Prosecution" of the '855

17   patent reexamination, rejecting Kilopass baseless assertions of invalidity, and specifically

18   confirming the patentability of all original claims over the KILOPASS 1T prior art patents, and

19   also confirming the patentability of additional new claims that SIDENSE had added during the

20   inter partes re-examination proceedings over the KILOPASS 1T prior art patents.

21        10.      Also in furtherance of this plan and scheme, KILOPASS filed a baseless lawsuit

22   against SIDENSE in May 2010, amended in June 2010, to allege *inter alia* that SIDENSE

23   infringed three KILOPASS patents, United States Patent Nos. 6,940,751; 6,777,757; and

24   6,856,540. Yet, as SIDENSE explained to KILOPASS roughly five years earlier in *2005*, when

25   KILOPASS first raised these patents with SIDENSE, products embodying SIDENSE's technology

26   do not infringe because at least three claim elements are not found in SIDENSE's product.  On

27   information and belief, KILOPASS filed this baseless lawsuit to harass SIDENSE and its

28   customers, to create fear, uncertainty, and doubt concerning SIDENSE and its technology in the



COMPLAINT                                                                          - 2 -
CASE NO. 00

1  marketplace, and to force SIDENSE to divert time, money, and effort to defend against

2  KILOPASS' spurious allegations.

3        11.    Also, in furtherance of this plan and scheme, KILOPASS and CHENG embarked

4  upon a campaign of publishing false and misleading information in press releases to the general

5  public including to SIDENSE's customers and potential customers, to the customers and potential

6  customers of SIDENSE's customers, and to the officers, directors, employees and attorneys of

7  SIDENSE's customers, potential customers, and of SIDENSE's customers' customers and potential

8  customers; in mass e-mail mailings to individuals including, on information and belief, the

9  officers, directors, employees, and attorneys of SIDENSE's customers, potential customers, and of

10  SIDENSE's customers' customers and potential customers; and in in-person communications to

11  numerous individuals including, on information and belief, the officers, directors, employees, and

12  attorneys of SIDENSE's customers, potential customers, and of SIDENSE's customers' customers

13  and potential customers. On information and belief, KILOPASS and CHENG have embarked

14  upon this campaign of false and misleading information to harass SIDENSE and its customers, to

15  create fear, uncertainty, and doubt concerning SIDENSE and its technology in the marketplace,

16  and to force SIDENSE to divert time, money, and effort to counteract KILOPASS' and CHENG's

17  misinformation campaign, and to prevent SIDENSE's customers and potential customers from

18  doing business and/or continuing to do business with SIDENSE.

19        12.    Pursuant to this campaign of false and misleading information, despite its failure to

20  invalidate even a single one of SIDENSE's '855 patent claims, KILOPASS and CHENG issued a

21  press release in August 2010 falsely proclaiming that the USPTO had _invalidated_ all claims of the

22  SIDENSE '855 patent: "US Patent and Trademark Office (USPTO) _Invalidates_ All Claims of

23  SIDENSE's Key Patent ('855)," (emphasis added). This press release implied that SIDENSE had

24  been unable to persuade the USPTO that SIDENSE's technology was materially different from the

25  KILOPASS prior art patents upon which KILOPASS' patent infringement is based, and that

26  SIDENSE did not own intellectual property rights to which it had been selling, and offering to

27  sell, licenses to SIDENSE's customers and potential customers. In fact, the USPTO has never

28  invalidated any claims of the SIDENSE '855 patent. Instead, on January 26, 2011, the USPTO



COMPLAINT
CASE NO. 00

- 3 -

1    issued an "Action Closing Prosecution" of the '855 patent reexamination, specifically confirming

2    the patentability of all original claims over the KILOPASS 1T prior art patents, and also

3    confirming the patentability of additional new claims that SIDENSE had added during the inter

4    partes re-examination proceedings over the KILOPASS 1T prior art patents. KILOPASS and

5    CHENG are well aware that this assertion is false since KILOPASS has fully participated in the

6    *inter partes* re-examination proceedings.

7        13.    Pursuant to this campaign of false and misleading information, as recently as

8    August 2011, KILOPASS and CHENG have stated that "SIDENSE continues to offer [its 1T

9    intellectual property] for license ... knowing [that a] substantial portion of its ['855] patent claims

10   have been rejected." This statement is intended to imply that SIDENSE lacks ownership of the

11   intellectual property rights it has been selling and offering to sell to its customers and potential

12   customers. In fact, as stated above, in January 2011, the USPTO issued an "Action Closing

13   Prosecution" of the '855 patent reexamination, specifically confirming the patentability of all

14   original claims over the KILOPASS 1T prior art patents, and also confirming the patentability of

15   additional new claims that SIDENSE had added during the inter partes re-examination

16   proceedings. KILOPASS and CHENG are well aware that this assertion is false since KILOPASS

17   has fully participated in the *inter partes* re-examination proceedings.

18       14.    Pursuant to this campaign of false and misleading information, at least as early as

19   February 2011, KILOPASS and CHENG began publishing statements indicating that SIDENSE's

20   *inter partes* re-examination proceedings in the USPTO regarding KILOPASS United States Patent

21   No. 6,940,751 ('751) had been concluded in KILOPASS' favor, thereby foreclosing SIDENSE

22   from challenging the validity of that patent in defense of KILOPASS' patent infringement lawsuit,

23   including a February 2011 press release which falsely stated that, "with the USPTO's [recent]

24   pronouncement on the '751 patent, Sidense can no longer use patent invalidity as a possible

25   defense [in the patent infringement litigation]," so that this ruling "Strengthens Kilopass' Patent

26   Case; [and] Leaves Sidense Few Options " (emphasis in the original). In fact, the referenced

27   USPTO ruling was interlocutory and, therefore, does not foreclose SIDENSE from challenging

28   invalidity of the '751 patent in the infringement litigation.

COMPLAINT                                                                    - 4 -
CASE NO. 00

15.     Pursuant to this campaign of false and misleading information, on information and belief, in about February 2011, KILOPASS and CHENG offered to pay Clive Maxfield, editor of the EE Times Programmable Logic Design Line website, to write an article about KILOPASS' patent infringement lawsuit against SIDENSE entitled "STOP! Are You Gambling on Your Memory IP?" in order to make it falsely appear that the information and viewpoints appearing in the article were the independent observations of Mr. Maxfield and the EE Times, including that utilizing SIDENSE's technology might "violate [Kilopass'] patents... [and] you might find yourself in court at some stage." This article, which was published in the EE Times on March 3, 2011, included self-serving statements of CHENG, and a section entitled "The Litigation Landscape" which warned that persons who infringe patents could be sued in the United States courts, the ITC, and in the courts of Japan and other foreign countries, and which described litigation in the United States courts and ITC as costing up to $10 million or more, thereby implying that Mr. Maxfield and EE Times had independently concluded that companies whose products embody SIDENSE's technology could be exposed to costly litigation of that sort.  On information and belief, after Mr. Maxfield had written the article, KILOPASS and CHENG reneged on the agreement to pay Mr. Maxfield for writing the article.

16.     Pursuant to this campaign of false and misleading information, in about August 2010, KILOPASS and CHENG began contacting SIDENSE customers and potential customers threatening to sue them imminently as patent infringers in Federal District Court (for damages for alleged infringement and an injunction against continued alleged infringement) and/or as respondents in a legal action in the International Trade Commission (to prevent SIDENSE's customers, and SIDENSE's customers' customers, from shipping their products containing the allegedly infringing technology into the United States) and/or in Japan (for damages for alleged patent infringement and injunction against continued alleged infringement), falsely asserting that its 6,940,751, 6,777,757, and 6,856,540 patents were broad enough to cover SIDENSE's 1T-Fuse™ memory products.  For example, on information and belief, in December 2010, KILOPASS told a SIDENSE customer that KILOPASS would file an International Trade Commission action against products embodying SIDENSE technology in February 2011.  In fact



COMPLAINT                                                                        - 5 -
CASE NO. 00

1  KILOPASS has never sued any SIDENSE customer or potential customer for infringement based

2  upon use or potential use of SIDENSE's 1T-Fuse™ technology in any court, nor has it brought an

3  action in the International Trade Commission.

4        17.     Pursuant to this campaign of false and misleading information, on information and

5  belief, by at least July and August 2011, KILOPASS, often through CHENG, had begun falsely

6  telling SIDENSE's customers and potential customers that SIDENSE is not financially stable, that

7  SIDENSE is no longer commercially viable, that SIDENSE will soon be bankrupt, and/or that

8  SIDENSE is going out of business.  In fact, SIDENSE is financially stable, commercially viable,

9  is not going bankrupt, and is not going out of business.

10        18.     Pursuant to this campaign of false and misleading information, in June 2011,

11  KILOPASS and CHENG began telling SIDENSE's customers and potential customers that

12  SIDENSE was refusing to take responsibility for its customers allegedly infringing chips and that

13  SIDENSE was telling the Court that its customers, rather than SIDENSE, should be sued for

14  patent infringement. For example, in a mass e-mailing dated June 28, 2011, sent to officers,

15  directors, employees, and attorneys of SIDENSE's customers and potential customers, KILOPASS

16  and CHENG said "Sidense has refused to take responsibility for its customers' chips that contain

17  the embedded Sidense OTP, which stands accused of patent infringement," and that "Sidense

18  indicat[ed] to the court that it is its licensees who should be charged as direct infringers." In fact,

19  SIDENSE has never refused to take responsibility for its customers' allegedly infringing chips, and

20  never said that its customers should be sued for patent infringement or charged as infringers. To

21  the contrary, SIDENSE is vigorously defending KILOPASS' accusations of patent infringement,

22  including KILOPASS' accusations in the District Court patent litigation that SIDENSE's

23  customers' products which embody SIDENSE technology infringe the KILOPASS patents.

### FIRST CAUSE OF ACTION

(Defamation)

26        19.     SIDENSE realleges and incorporates by reference paragraphs 1 through 18 above

27  as though fully set forth herein.

28



COMPLAINT
CASE NO. 00

- 6 -

20.     At all relevant times alleged here, all KILOPASS employees were acting in their official capacity as KILOPASS employees and, therefore, their actions are attributable to KILOPASS.

21.     KILOPASS' and CHENG's false and misleading representations to SIDENSE customers identified herein, which are per se defamatory, have adversely affected SIDENSE's business and reputation.

22.     KILOPASS' and CHENG's statements establish a prima facie case of actionable defamation because they involve SIDENSE's business, were published, were and are false, and were made with the knowledge that they were false, and with spite, hatred, and ill will toward SIDENSE. KILOPASS and CHENG had no reasonable grounds to believe the statements were true, and KILOPASS and CHENG acted with reckless disregard for ascertaining the truth. Thus, KILOPASS' and CHENG's statements are actionable per se and SIDENSE is entitled to damages in an amount to be proven at trial.

23.     As a proximate result of KILOPASS' and CHENG's defamatory statements, SIDENSE has suffered loss of customers, harm to its reputation, and was exposed to contempt. SIDENSE therefore suffered specific and general damages, including punitive damages, in an amount to be proven at trial.

24.     As a proximate result of KILOPASS' and CHENG's defamatory statements, SIDENSE has suffered and will continue to suffer irreparable harm unless KILOPASS and CHENG cease making the statements alleged herein.  SIDENSE has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition)

(Lanham Act § 43(a); 15 U.S.C. § 1125(a))

25.     SIDENSE realleges and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26.     At all relevant times alleged here, all KILOPASS employees were acting in their official capacity as KILOPASS employees and, therefore, their actions are attributable to KILOPASS.

27.     KILOPASS and CHENG have used and continue to use false or misleading representations of facts in interstate commerce in promotion of it products that falsely portray SIDENSE's products with the intent to materially affect the buying decisions of prospective customers.

28.     KILOPASS' and CHENG's statements to SIDENSE customers and potential customers that SIDENSE's 1T-Fuse™ memory products infringes the '757, '540, and '751 patents are false, objectively baseless, and, on information and belief, KILOPASS and CHENG made the allegations in bad faith.

29.     KILOPASS' and CHENG's conduct complained of herein has caused SIDENSE injury, is malicious, fraudulent, knowing, willful, and deliberate entitling SIDENSE to an accounting of KILOPASS' and CHENG's profits, increased damages, and attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

30.     As a proximate result of KILOPASS' and CHENG's defamatory statements, SIDENSE has suffered and will continue to suffer irreparable harm unless KILOPASS and CHENG cease making the statements alleged herein.  SIDENSE has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

### THIRD CAUSE OF ACTION

(Intentional Interference With Contractual Relations)

31.     SIDENSE realleges and incorporates by reference paragraphs 1 through 30 above as though fully set forth herein.

32.     At all relevant times alleged here, all KILOPASS employees were acting in their official capacity as KILOPASS employees and, therefore, their actions are attributable to KILOPASS.

33.     SIDENSE and its customers are parties to End User License Agreements.  At all times alleged herein, KILOPASS and CHENG were aware of the End User License Agreements



COMPLAINT
CASE NO. 00                                                                                          - 8 -

1   between SIDENSE and its customers and intended by its acts to interfere with these contractual

2   relationships or make performance under the contracts more difficult.

3       34.    On information and belief, as a proximate result of the acts of KILOPASS and

4   CHENG and their agents as alleged herein, performance of these End User License Agreements

5   by SIDENSE's customers has become more difficult and, in certain instances, has ceased

6   completely.

7       35.    As a proximate result of KILOPASS' and CHENG's defamatory statements,

8   SIDENSE has suffered and will continue to suffer irreparable harm unless KILOPASS ceases

9   making the statements alleged herein. SIDENSE has no adequate remedy at law and is entitled to

10   preliminary and permanent injunctive relief.

11   **FOURTH CAUSE OF ACTION**

12   (Intentional Interference With Prospective Economic Advantage)

13       36.    SIDENSE realleges and incorporates by reference paragraphs 1 through 35 above

14   as though fully set forth herein.

15       37.    At all relevant times alleged here, all KILOPASS employees were acting in their

16   official capacity as KILOPASS employees and, therefore, their actions are attributable to

17   KILOPASS.

18       38.    KILOPASS and CHENG deliberately interfered with SIDENSE's prospective

19   economic advantage. SIDENSE has enjoyed prospective economic relationships with customers

20   and prospective customers that were of substantial economic benefit to SIDENSE. With

21   knowledge of these valuable relationships, KILOPASS and CHENG have made false and

22   misleading statements designed to interfere with and disrupt SIDENSE's relationships with

23   existing and prospective customers. KILOPASS' and CHENG's actions were independently

24   wrongful as they violated both Federal and California law as alleged herein.

25       39.    KILOPASS and CHENG acted both oppressively and maliciously with intent to

26   cause injury to SIDENSE and with conscious disregard of the rights of others. As such SIDENSE

27   is entitled to exemplary damages, in addition to compensatory damages, as permitted by law.

28

COMPLAINT
CASE NO. 00

- 9 -

40. As a proximate result of KILOPASS' and CHENG's defamatory statements, SIDENSE has suffered and will continue to suffer irreparable harm unless KILOPASS and CHENG cease making the statements alleged herein. SIDENSE has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

**FIFTH CAUSE OF ACTION**

(Unfair Competition Under California Business and Professions Code § 17200)

41. SIDENSE realleges and incorporates by reference paragraphs 1 through 40 above as though fully set forth herein.

42. KILOPASS' and CHENG's conduct as alleged herein constitutes "unlawful, unfair, or fraudulent business act[s] or practice[s]" within the meaning of California Business and Professions Code § 17200 *et. seq.*

43. As a direct and proximate cause of KILOPASS' and CHENG's wrongful conduct, SIDENSE has been and will continue to be harmed and KILOPASS and CHENG have been and will continue to be unjustly enriched.

44. As a direct and proximate result of KILOPASS' and CHENG's conduct, SIDENSE is entitled to injunctive relief, restitution, and an order of disgorgement of all of KILOPASS' and CHENG ill-gotten gains from its unlawful, unfair, or fraudulent business acts or practices.

**PRAYER FOR RELIEF**

SIDENSE prays for judgment as follows:

1. For judgment that the statements alleged herein are defamatory per se;

2. For judgment that KILOPASS and CHENG have engaged in federal and California state unfair competition, including false advertising and disparagement, and intentional interference in contractual relations and prospective economic advantage;

3. For judgment that KILOPASS and CHENG are jointly and severally liable for the aforesaid wrongful and unfair acts;

4. For preliminary and permanent injunctive relief enjoining the aforesaid wrongful and unfair acts by KILOPASS and CHENG, and those persons acting in concert with KILOPASS



COMPLAINT
CASE NO. 00

- 10 -

1 | and CHENG, including related individuals, entities, customers, agents, or representatives pursuant

2 | to 15 U.S.C. § 1116 and California Business and Professions Code § 17203;

3 |      5.     For SIDENSE's actual damages sustained as a result of the acts alleged herein,

4 | together with prejudgment interest, according to proof;

5 |      6.     For an accounting of the profits of KILOPASS and CHENG resulting from its

6 | wrongful and unfair acts alleged herein;

7 |      7.     For restitution of any profits acquired by means of KILOPASS' and CHENG's

8 | unfair competition;

9 |      8.     For enhanced damages pursuant to 15 U.S.C. § 1117;

10 |      9.     For punitive damages;

11 |      10.     For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise

12 | permitted by law;

13 |      11.     For SIDENSE's costs of suit, including reasonable litigation expenses, pursuant to

14 | 15 U.S.C. § 1117 or as otherwise permitted by law; and

15 |      12.     For any additional relief the Court deems just and proper.

16 |

17 | DATED:  August 19, 2011          Respectfully submitted,

18 |                     KILPATRICK TOWNSEND & STOCKTON LLP

19 |

20 |                     By:    _____

21 |                        ROGER L. COOK

22 |                     Attorneys for Plaintiff<br>SIDENSE CORP.

23 |

24 |

25 |

26 |

27 |

28 |



COMPLAINT
CASE NO. 00

1

## DEMAND FOR JURY TRIAL

2    Plaintiff SIDENSE hereby demands a trial by jury of all issues triable by jury pursuant to

3  Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a).

4  DATED: August 19, 2011          Respectfully submitted,

5                                             KILPATRICK TOWNSEND & STOCKTON LLP

6

7                                   By: _____
                                              ROGER L. COOK
8
                                      Attorneys for Plaintiff
9                                     SIDENSE CORP.

10

11

12

13

14

15

16

17     63677765 v1

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT                                                           - 12 -
CASE NO. 00