IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDENSE CORP., <br><br> Plaintiff, <br> v. <br><br> KILOPASS TECHNOLOGY INC. and CHARLIE CHENG, <br><br> Defendants. | No. C 11-04112 SI <br><br> **CLARIFICATION OF PRIOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

On January 4, 2012, the Court issued an Order granting in part and denying in part the motion by defendants Kilopass Technology, Inc. and its CEO Charlie Cheng ("Kilopass") to dismiss plaintiff Sidense's First Amended Complaint ("FAC"). The FAC contained five causes of action which in turn variously incorporated ten paragraphs containing substantive allegations (¶¶ 10-19). Some of the causes of action incorporated selected paragraphs; others incorporated all of them. Following the issuance of the Order resolving the motion to dismiss, Sidense raised a question in the parties' January 13, 2012 Joint Case Management Statement as to which claims survived the Court's order.

The first cause of action, for defamation, incorporated ¶¶ 10, 13, 14, 17, 18, and 19. The Court dismissed ¶ 13 from that cause of action as time barred, and ¶¶ 15 and 18 for failure to state a claim for defamation. The second cause of action, for Unfair Competition/Disparagement under the Lanham Act § 43(a), incorporated ¶¶ 11-16. The Court dismissed ¶¶ 12, 15, and 16 for failure to state a claim for false advertising.

The third, fourth, and fifth causes of action - for intentional interference with contractual relations, intentional interference with prospective economic advantage, and unfair competition under Cal. Bus. and Prof. Code § 17200, respectively - were not discussed paragraph by paragraph in the

Order. With respect to intentional interference with contractual relations and prospective economic relations, the Court wrote that "for the purpose of a 12(b)(6) motion, Sidense has sufficiently stated its claims in ¶¶ 10-19 to put Kilopass on notice of its claims and to raise the claims for relief above the speculative level." Order at 27. With respect to unfair competition, the Court stated that because "a number of Sidense's causes of action survive Kilopass' other theories of dismissal, they are sufficiently pled as unfair competition under § 17200."

In the Joint Case Management Statement, Sidense contends that the Court's conclusion that the complaint was dismissed with respect to all causes of action as they relate to ¶¶ 12, 13, 15, 16, and 18, is inconsistent with the Court's finding that Sidense had sufficiently stated its claims for intentional interference in ¶¶ 10-19. The question Sidense appears to pose is whether ¶¶ 12, 13, 15, 16, and 18 survive with respect to the intentional interference and UCL claims.

The answer is no. In its discussion of intentional interference and unfair competition (the third through fifth causes of action), the Court adopted Sidense's characterization of the defamation and false advertising claims (i.e., the first and second causes of action) as "predicate acts" on which the latter claims relied. *See* Sidense Opp. to Kilopass' Mot. to Dismiss, at 24-25; *see also, e.g., Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003) (Lanham Act false advertising and § 17200 claims "rise and fall together.") Unlike the first and second causes of action, Sidense did not plead specific facts in its third through fifth causes of action. *Compare* ¶¶ 22, 23, and 28, *with* ¶¶ 35-45. It simply incorporated by reference the earlier claims and then recited the required elements of each cause of action. The Court, in agreeing that Sidense sufficiently established the latter causes of action, was relying on the surviving prior claims.

The conclusion the Court set forth in its order remains.

**IT IS SO ORDERED.**

Dated: January 23, 2012

SUSAN ILLSTON
United States District Judge

2